TODD C. BANK, ATTORNEY AT LAW, P.C.
119-40 Union Turnpike, Fourth Floor
Kew Gardens, New York  11415
Telephone: (718) 520-7125
Facsimile: (856) 997-9193

www.toddbanklaw.com                                                     tbank@toddbanklaw.com

June 23, 2017

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201
Attn.: Judge Carol Bagley Amon

      Re:    Todd C. Bank v. Safe Home Security, Inc.
              Case 1:15-cv-06928-CBA-VMS

Dear Judge Amon:

      I am the plaintiff in the above-referenced matter, and hereby respond to the letter by Joseph Lipari requesting, on behalf of Defendant, Safe Home Security Inc. ("Safe Home"), a pre-motion conference regarding Safe Home's anticipated motion for summary judgment (Dkt. No. 38).

      Mr. Lipari states that "Safe Home [] intends to present affidavits affirmatively demonstrating that it did not initiate a call to Mr. Bank or cause a call to be initiated to Mr. Bank." However, I will testify that, upon being transferred to a live person after the prerecorded material was played when I answered the telephone call at issue, I was told that the website of the entity on whose behalf that person was acting is www.safehomesecurity.com, which I will show belongs to Safe Home. Thus, there is, at a minimum, apparent authority by Safe Home with respect to the call.

      Mr. Lipari, referring to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), claims that "Bank is a professional TCPA litigant who makes a living sending TCPA demand letters and filing TCPA lawsuits on his own behalf," and that "district courts have [held] that professional TCPA litigants such as Mr. Bank lack standing to bring suit under the TCPA," for which Mr. Lipari cites one case, *i.e.*, *Stoops v. Wells Fargo Bank, N.A.*, No. 15-cv-83, 2016 WL 3566266 (W.D. Pa. June 24, 2016), as having held "that because plaintiff files TCPA actions as a business[,] the allegedly violative calls did not constitute the nuisance, invasion of privacy, cost, and inconvenience from which Congress intended to protect consumers" (citation and quotation marks omitted). In *Stoops*, the plaintiff had purchased numerous cell phones for the *sole purpose* of filing TCPA actions. As Mr. Lipari knows, no evidence exists that even remotely suggests that this is the case with respect to me, and I represent to the Court, and will testify at trial if necessary, that, as Mr. Lipari also knows, it is, in fact, not the case and has never been the case.

      Mr. Lipari's obvious attempt to mislead this Court is unbecoming of his duty to conduct himself with candor, and as I will be prepared to discuss during the pre-motion, this is not the first

Judge Carol Bagley Amon  *Todd C. Bank v. Safe Home Security, Inc.*
June 23, 2017  Case 1:15-cv-06928-CBA-VMS
-page 2-

time that Mr. Lipari has breached that duty before this Court.

Sincerely,

  s/ *Todd C. Bank*

Todd C. Bank

TCB/bd