UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

TODD C. BANK,

      Plaintiff,

v.

SAFE HOME SECURITY, INC.

      Defendant.

---------------------------------------------------------------x

Case No. 1:15-cv-06928

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

In support of its motion for summary judgment, defendant asserts that the following are undisputed material facts:

1. Plaintiff alleges in his Complaint that on December 12, 2014 he received a telemarketing call to his residential line that was violative of the Telephone Consumer Protection Act ("TCPA") and New York GBL § 399.  (R. Doc. 1, Exhibit A)

2. Defendant denied the allegations in plaintiff's Complaint.  (R. Doc. 15-2, Exhibit B; R. Doc. 20, Exhibit C).

3. Defendant denied that it telemarketed or placed prerecorded calls.  (R. Doc. 15-2, Exhibit B; R. Doc. 20, Exhibit C).

4.  Defendant indicated that insofar as it purchased customer accounts from any lead generators it did not exercise control such that it could be held liable under the TCPA or New York GBL § 399.  (R. Doc. 15-2, Exhibit B);

1

5. During discovery, defendant denied that it placed pre-recorded calls or caused pre-recorded calls to be placed.  And, defendant denied that it had contracts with third party lead generators or telemarketers.  (Exhibits D1 and D2).

6. Plaintiff's basis for linking this call to defendant is set forth in paragraphs 19 and 20 of his Complaint.  (R. Doc. 1, Exhibit A).  Specifically, plaintiff alleges that when he ultimately connected to a "second live person," that second live person indicated that "the website of the entity on whose behalf the second live person was acting is www.safehomesecurity.com."  Plaintiff further alleges that at the time of the call "www.safehomesecurity.com was the website of Safe Home Security."  (R. Doc. 1, Exhibit A, paragraphs 19 and 20).

7. After filing the Complaint, plaintiff confirmed four times that www.safehomesecurity.com was the website provided to him by the "second live person."  To wit:

   - On January 13, 2016, plaintiff declared under penalty of perjury that the second live person referenced www.safehomesecurity.com.  (R. Doc. 12, Exhibit E, paragraph 4).

   - On December 22, 2016, answered interrogatories under penalty of perjury and indicated that he knew www.safehomesecurity.com was the website of Safe Home Security because he "researched the matter and learned of such information."  (Exhibit F).

   - On March 14, 2017, plaintiff answered amended interrogatories under penalty of perjury and indicated that he knew www.safehomesecurity.com was the website

of Safe Home Security because he "researched the matter and learned of such information." (Exhibit G).

- On June 23, 2017, plaintiff wrote a letter to Your Honor where he stated "…when I answered the telephone call at issue I was told that the website of the entity on whose behalf that person was acting is www.safehomesecurity.com, which I will show belongs to Safe Home." (R. Doc. 41, Exhibit H).

8. Safe Home's IT manager indicated under penalty of perjury that www.safehomesecurity.com, is not and was not owned, operated, maintained, hosted, or otherwise used by SHS. (Exhibit I).

9. During his deposition, plaintiff testified: "[the second live caller] told me the website and it was safehomesecurityinc.com as best as I can recall and I have to look at my notes. He might have also given me the address of the company or described it in some other way its location." (Exhibit J, p. 39).

10. Plaintiff also testified that even though his notes were in his possession at the deposition, he would not produce them. (Exhibit J, pp. 21-22).

11. Plaintiff also testified "I might have left out the i-n-c at the end by mistake." (Exhibit J, p. 53). And, when asked "did you or didn't you" leave it off by mistake, he testified "I don't know."

12. Mr. Bank did not buy what the telemarketer was alleged to have been selling. (Exhibit J, p. 85).

13. Mr. Bank affirmatively represented in response to discovery requests that he had no audiotapes pertaining to the allegations in the Complaint. (Exhibit K, p. 4).

3

14. Mr. Bank affirmatively represented in response to discovery requests that he had no documents that he contends support his claims and allegations. (Exhibit K, p. 4).

DATED: November 14, 2017

**THE SULTZER LAW GROUP, P.C.**

By: <u>Joseph Lipari /s/</u>_____
Joseph Lipari, Esq.
14 Wall Street, 20th Floor
New York, NY 10005
(212) 618-1938
(888) 749-7747
*Counsel for Defendant*