UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TODD C. BANK,

                Plaintiff,

-against-

SAFE HOME SECURITY, INC.,

                Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM & ORDER
15-CV-6928 (CBA)(VMS)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 13 2018 ★
BROOKLYN OFFICE

**AMON, United States District Judge:**

Plaintiff Todd C. Bank brings the instant pro se action against Defendant Safe Home Security, Inc., alleging that it violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the New York General Business Law ("GBL"), N.Y. Gen Bus. Law § 399-p, by making a robocall to his residential phone line on December 12, 2014. (D.E. # 1.) Before the Court is Safe Home's motion for summary judgment on both claims. For the reasons set forth below, the Court grants the motion in part and denies it in part.[1]

"Summary judgment is warranted only upon a showing that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Johnson v. Killian, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam). "Once a party moving for summary judgment has made the requisite showing that there is no factual dispute, the nonmoving party bears the burden of presenting evidence to show that there is, indeed, a genuine issue for trial." Santos v. Murdock, 243 F.3d 681, 683 (2d Cir. 2001). The Court must construe the record in favor of the nonmoving party, and summary judgment "is appropriate '[w]here the record taken as a whole could not lead

---

[1] Bank asks for a stay because of summary judgment motion practice in FTC v. Lifewatch, No. 15-CV-5781 (GSF) (N.D. Ill. filed Feb. 26, 2018). The Court denies the request.

1

a rational trier of fact to find for the non-moving party.'" Johnson, 680 F.3d at 236 (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).[2]

Safe Home makes two summary judgment arguments. First, the GBL claim fails because the record lacks any admissible evidence showing that an automated device made the call. Second, the TCPA and GBL claims fail because the record lacks any admissible evidence showing that the company is directly or vicariously liable for the purported call.

The Court agrees with the first argument. A moving party is entitled to summary judgment when (1) it points out that the nonmoving party, who has the burden of proof at trial, cannot "make a showing sufficient to establish the existence of an element essential to [his] case," and (2) the nonmoving party fails to offer such a showing. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Essential to Bank's GBL claim is a showing that the "telephone call[] [was] placed through the use of an automatic dialing-announcing device." N.Y. Gen. Bus. Law § 399-p(3)(a). In his opposition briefing, Bank failed to provide any evidence in support of this element, instead arguing that Safe Home must provide some "evidence regarding how the Call was made." (Opp'n at 10, D.E. # 51.) Bank is wrong. See Celotex, 477 U.S. at 322. Accordingly, the Court grants summary judgment on the GBL claim.

As to the second argument, the Court agrees in part and disagrees in part and thus denies summary judgment on the TCPA claim. Safe Home asserts that the record fails to establish its direct liability or vicarious liability through the common-law theories of actual authority,[3] apparent

---

[2] Ordinarily, summary judgment rules apply less sharply to pro se litigants. See Jackson v. Fed. Express, 766 F.3d 189, 195 (2d Cir. 2014). However, because Bank is a practicing lawyer proceeding pro se, he "ordinarily receives no . . . solicitude at all" from this Court with respect to construing court filings. Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010) (collecting cases).

[3] Although Safe Home invokes a separate common-law theory of "formal agency," the Court sees no difference between that theory and the theory of actual authority, and the Court has found no Second Circuit precedent to the contrary.

2

authority, or ratification. In his opposition briefing, Bank offers no evidence to establish direct liability, actual authority, or ratification, and therefore the Court grants summary judgment to the extent Bank asserts those theories. See id. But the Court finds a disputed issue of material fact with respect to apparent authority. Apparent authority "arises from the 'written or spoken words or any other conduct of the principal which, reasonably interpreted, causes [a] third person to believe that the principal consents to have [an] act done on his behalf by the person purporting to act for him." Minskoff v. Am. Exp. Travel Related Servs. Co., 98 F.3d 703, 708 (2d Cir. 1996) (alterations in original) (quoting Restatement (Second) of Agency § 27). "The existence of apparent authority is normally a question of fact, and therefore inappropriate for resolution on a motion for summary judgment." Id. In this case, Bank has proffered evidence showing a genuine dispute of material fact. In a sworn declaration, Bank states that the call transferred to a live person who identified himself as "Louis." (D.E. # 12 ¶ 4; see also Opp'n at 8.) According to Bank, Louis stated that he worked in the "verification department" of Safe Home.[4] (Id.) As this Court has held in a prior analogous case, Bank v. Lifewatch Inc., No. 15-CV-5708 (CBA), a jury may reasonably find from Bank's testimony that a Safe Home employee made statements to him indicating that the third-party telemarketer was acting on Safe Home's behalf. (See D.E. # 51 at 20–26.) Therefore, the Court denies summary judgment to the extent that Bank asserts a TCPA claim premised on apparent authority.

---

[4] In numerous prior court documents and under penalty of perjury, Bank declared that Louis said Safe Home's website is "www.safehomesecurity.com." (See, e.g., D.E. # 12 ¶ 4.) Safe Home has provided evidence showing that it owns not that website but rather "www.safehomesecurityinc.com." In his deposition, Bank now testifies that Louis said the latter website. The extent to which Bank's inconsistent statements undermines his credibility is a jury question. But the inconsistency does not entitle Safe Home to summary judgment. Bank's statements are not so "replete with inconsistencies and improbabilities" that his credibility is fatally undermined as a matter of law and that his statements may not provide sufficient evidence to overcome a summary judgment motion. See Jeffreys v. City of N.Y., 426 F.3d 549, 55 (2d Cir. 2005). A jury may find that Louis reasonably misstated the website's URL as www.safehomesecurity.com, but that he correctly said he worked in the "verification department" of Safe Home.

3

In sum, the Court GRANTS IN PART and DENIES IN PART Safe Home's motion for summary judgment. The Court grants summary judgment as to the GBL claim. The Court also grants summary judgment to the extent Bank asserts a TCPA claim premised on direct liability, actual authority, or ratification. However, the Court denies summary judgment to the extent Bank asserts a TCPA claim premised on apparent authority. The Court further ORDERS the parties to file a proposed joint pretrial order no later than October 12, 2018. The Court respectfully REFERS the proposed order to the Honorable Vera M. Scanlon, United States Magistrate Judge, for review.

SO ORDERED.

Dated: September 11, 2018
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge